UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

TYRELL RUCKER,                                              **COMPLAINT**

                         Plaintiff,

                                      Index No.

       -against-
                                    <u>Jury Trial Demanded</u>

CITY OF NEW YORK and JOHN AND JANE DOE 1 through
10, Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                Defendants,

-------------------------------------------------------------------------------X

       Plaintiff TYRELL RUCKER, by his attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

      1.     Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for two incidents of violations of his civil

rights, as said rights are secured by said statutes and the Constitution of the United States

<u>**JURISDICTION**</u>

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

<u>**VENUE**</u>

      4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff TYRELL RUCKER is an eighteen-year-old African American man who resides in New York, New York.  Plaintiff's claims were tolled via infancy, and accrued on October 26, 2015, the date of his eighteenth birthday.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

### June 17, 2012 Incident

12.     On June 17, 2012 at approximately 7:30 p.m., plaintiff, who was then fourteen years old, was a lawful pedestrian on East Broadway, near Essex Street, New York, New York, when he was unlawfully stopped, assaulted, battered, and arrested by defendant NYPD officers.

13.     Officer JOHN DOE 1, who was accompanied by officer JOHN DOE 2, without justification or cause, told plaintiff and his friend to move away from the area of the sidewalk they were standing.

14.     JOHN DOE 2 then spoke rudely to plaintiff by referencing plaintiff's weight and asking plaintiff if he knew what liposuction was.

15.     As plaintiff walked away as directed, he verbally responded in a lawful manner to JOHN DOE 2's inappropriate and offensive comment.

16.     JOHN DOE 1 then approached plaintiff and arrested plaintiff without probable cause, twisting plaintiff's hand and placing over tight handcuffs on plaintiff's wrists.

17.     The officers held plaintiff handcuffed for a short period of time, before releasing him without any formally charging him with any crimes or offenses.

18.     As a result of the incident and handcuffing, plaintiff sustained pain and discomfort to his right hand, wrist, his right index finger, and suffered loss of liberty and emotional distress.

### July 5, 2012 Incident

19.     On July 5, 2012 at approximately 7:30 p.m., plaintiff, who was then fourteen years old, was a lawful pedestrian on Madison Street, near East Broadway, New York, New York, when he was again unlawfully stopped, assaulted, battered, and arrested by defendant

NYPD officers from the 13th Police Precinct.

20.     The officers approached plaintiff and ordered him to stand against a wall.

21.     When plaintiff asked why, one of the defendant officers, JOHN DOE 3, grabbed plaintiff, threw him to the ground, handcuffed plaintiff in over tight cuffs.

22.     JOHN DOE 3 placed his knee in plaintiff's back causing him to choke and have trouble breathing.

23.     The officers thereafter lifted plaintiff by his handcuffs and threw plaintiff face down in the back seat of a police vehicle and transported him to the 13th Police Precinct stationhouse.

24.     After arriving at the precinct, the officers initially left plaintiff rear handcuffed in a room for approximately fifteen minutes, before removing one handcuff and handcuffing one of plaintiff's wrists to a door knob.

25.     The officers continued to imprison plaintiff until approximately 10:30 p.m., when they released plaintiff to the custody of his mother without charging him with any crimes or offenses.

26.     As a result of the above described incident, plaintiff sustained physical injuries and pain to his back, neck, hands and wrists, loss of liberty, and emotional distress.

27.     Defendants JOHN and JANE DOE 1 through 10 either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

28.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate

screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of unlawfully stopping and arresting individuals without reasonable suspicion or probable cause, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

29.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants engage in a practice of unlawfully stopping individuals without justification and arresting individuals without probable cause, engage in falsification to justify unlawful arrests, and engage in cover ups of police abuse.

30.     For instance, in another civil rights action filed in this Circuit involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

31.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

32.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice,

defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff TYRELL RUCKER of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     As a result of the foregoing, plaintiff TYRELL RUCKER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

#### AS AND FOR A FIRST CAUSE OF ACTION
#### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants unlawfully detained and arrested plaintiff TYRELL RUCKER

without probable cause, causing him to be detained against his will for an and subjected to physical restraints on June 17, 2012 and July 5, 2012.

40.     Defendants caused plaintiff TYRELL RUCKER to be unlawfully detained, falsely arrested and unlawfully imprisoned.

41.     As a result of the foregoing, plaintiff TYRELL RUCKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983 against Defendant Officers)

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     The level of force employed by defendants on June 17, 2012 and July 5, 2012 was excessive, objectively unreasonable and otherwise in violation of plaintiff TYRELL RUCKER'S constitutional rights.

44.     As a result of the aforementioned conduct of defendants, plaintiff TYRELL RUCKER was subjected to excessive force and sustained physical and emotional injuries.

45.     As a result of the foregoing, plaintiff TYRELL RUCKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983 against Defendant Officers)

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

7

paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants had an affirmative duty to intervene on behalf of plaintiff TYRELL RUCKER, whose constitutional rights were being violated in their presence by other officers on June 17, 2012 and July 5, 2012.

48.     The defendants failed to intervene to prevent the unlawful conduct described herein.

49.     As a result of the foregoing, plaintiff TYRELL RUCKER'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

50.     As a result of the foregoing, plaintiff TYRELL RUCKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983 against Defendant Officers)

51.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees who violated plaintiff's rights on June 17, 2012 and July 5, 2012.

53.     As a result of the foregoing, plaintiff TYRELL RUCKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff TYRELL RUCKER'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TYRELL RUCKER.

58.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TYRELL RUCKER as alleged herein.

59.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff TYRELL RUCKER as alleged herein.

60.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff TYRELL RUCKER was unlawfully arrested and subjected to excessive force.

61.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TYRELL RUCKER'S constitutional rights.

62.     All of the foregoing acts by defendants deprived plaintiff TYRELL RUCKER of federally protected rights, including, but not limited to, the right:

    A.     To be free from false arrest;

    B.     To be free from excessive force;

    C.     To be free from the failure to intervene; and

    D.     To be free from supervisory liability.

63.     As a result of the foregoing, plaintiff TYRELL RUCKER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff TYRELL RUCKER demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       January 22, 2016

> BRETT H. KLEIN, ESQ., PLLC
> Attorneys for Plaintiff TYRELL RUCKER
> 305 Broadway, Suite 600
> New York, New York 11201
> (212) 335-0132
>
> By: _____
>       BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

TYRELL RUCKER,

                                  Plaintiff,

      -against-

CITY OF NEW YORK and JOHN AND JANE DOE 1 through
10, Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                  Defendants.

-------------------------------------------------------------------------------X

## COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132